UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-24233-LEIBOWITZ/AUGUSTIN-BIRCH

INTEGRAR, LLC,

    Plaintiff,

v.

BASE INTERNATIONAL S.A. and WORLD
BASEBALL SOFTBALL CONFEDERATION,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT
## WORLD BASEBALL SOFTBALL CONFEDERATION'S MOTION TO DISMISS

This cause comes before the Court on Defendant World Baseball Softball Confederation's ("WBSC") Motion to Dismiss. DE 11. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge. DE 27. Plaintiff Integrar, LLC has filed a response, DE 16, and Defendant WBSC filed a reply. DE 23. The Court has carefully considered the briefing and the record and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS DENYING** Defendant WBSC's Motion to Dismiss [DE 11].

### I. Background

Plaintiff, a licensing and brand management agency, has sued Defendants Base International S.A., a commercial and sports marketing agency, and WBSC, the world governing body for baseball and softball, for breach of contract and breach of the implied covenant of good faith and fair dealing. DE 1. As the bases for its allegations, Plaintiff avers that Defendant WBSC appointed Defendant Base to oversee Defendant WBSC's media and sponsorship rights and that Plaintiff and Defendant Base subsequently executed a "Master License Agreement," which is attached to the Complaint. *Id.*

¶¶ 12–13; *id.* at 10–36. As part of the Master License Agreement, Defendant Base purportedly appointed Plaintiff to be the "Master Licensee" of Defendant WBSC's licensed property, affording Plaintiff the "exclusive right to exploit, use, reproduce, publicly display, and distribute the Licensed Property for market and promotion" and the "exclusive right to solicit, negotiate and enter into Sub-license Agreements with third parties to use the Licensed Property," among other rights. *Id.* ¶ 14 (quotation marks omitted).

Plaintiff further alleges that Defendant WBSC consented to the Master License Agreement and later also appointed Plaintiff as the "Master Licensee" of its brand, as evidenced by another document attached to Plaintiff's Complaint. *Id.* ¶¶ 19–20; *id.* at 38. In this document, Defendant WBSC allegedly designated Plaintiff as "the exclusive Master Licensee to exploit and develop the WBSC Licensed Property worldwide in all competitions, leagues, games or other events organized by or on behalf of WBSC." *Id.* ¶ 20 (emphasis omitted). But despite its alleged appointment as Defendant WBSC's exclusive licensee, Plaintiff maintains that Defendant Base and WBSC have hindered Plaintiff's ability to utilize that license, such as by failing to provide Plaintiff with access to the licensed property, failing to deliver necessary materials, and prohibiting revenue generating events developed by Plaintiff from reaching completion. *Id.* ¶¶ 22–23. As a result, Plaintiff raises counts against Defendants Base and WBSC of breach of contract and breach of the implied covenant of good faith and fair dealing.

As relevant here, Plaintiff asserts that Defendant WBSC is a party to the Master License Agreement that Plaintiff and Defendant Base executed. Specifically, Plaintiff claims that Defendant Base acted as an agent of Defendant WBSC and on its behalf when executing the Master License Agreement and that Defendant Base signed the Master License Agreement with the intention of making Defendant WBSC a party to that agreement. *Id.* ¶¶ 34–35. Moreover, Plaintiff avers that this intention is evidenced by the second document attached to its Complaint, where Defendant WBSC

purportedly acknowledged that it and Defendant Base appointed Plaintiff to be the exclusive licensee of Defendant WBSC's licensed property. *Id.* ¶ 36. In response to Plaintiff's Complaint, Defendant WBSC filed the present Motion to Dismiss, arguing that Plaintiff has failed to state a claim and that the Court lacks subject-matter jurisdiction. DE 11.

## II. Motion to Dismiss Standards

Under Federal Rule of Civil Procedure 12(b)(1), a court can dismiss a pleading for lack of subject-matter jurisdiction. "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms": facial attacks or factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quotation marks and alterations omitted). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quotation marks omitted). Because Defendant WBSC does not raise matters extrinsic to Plaintiff's Complaint to argue that the Court lacks subject-matter jurisdiction, *see* DE 11 at 6–7, Defendant WBSC has only raised a facial attack in its Motion to Dismiss.

A court can also dismiss a pleading for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim under Rule 12(b)(6) "is appropriate when a plaintiff fails to allege facts sufficient 'to raise a right to relief above the speculative level' or fails to 'state a claim to relief that is plausible on its face.'" *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555–56 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

3

678 (2009). In making this determination, a court must accept all well-pled factual allegations as true. *Id.* at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Moreover, a court may consider exhibits attached to a complaint when ruling on a motion to dismiss. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). And if the exhibits appended to a complaint contradict the allegations therein, the exhibits control. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

### III. Analysis

Defendant WBSC raises two arguments in its Motion to Dismiss. First, Defendant WBSC maintains that it neither was a party to the Master License Agreement nor ratified the Master License Agreement. DE 11 at 5. Therefore, Defendant WBSC contends that it cannot be liable under the Master License Agreement or liable for any breach thereof. *Id.* Second, if the Court were to find that the Master License Agreement is enforceable against it, Defendant WBSC argues that the Limitation of Liabilities clause therein prohibits Plaintiff from recovering any damages, thus divesting the Court of diversity jurisdiction. *Id.* at 7. Neither argument has merit.

### A. Plaintiff Plausibly Pleads Facts to Show That Defendant WBSC may be Bound by the Master License Agreement

As an initial matter, Defendant WBSC bears the burden as the movant to demonstrate that Plaintiff's Complaint should be dismissed. *See Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) ("On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *4 (N.D. Fla. Aug. 25, 2010))). And Defendant WBSC's only failure-to-state-a-claim argument concerns whether the Master License Agreement is enforceable against it. *See* DE 11 at 5. It does not otherwise challenge the sufficiency of Plaintiff's

averments regarding the other elements of a cause of action of breach of contract or breach of the implied covenant of good faith and fair dealing. Consequently, the Court will only consider the sufficiency of Plaintiff's allegations regarding whether the Master License Agreement is enforceable against Defendant WBSC.

Under Florida law,[1] an agent can bind a principal to a contract. *See, e.g.*, *Ja Dan, Inc. v. L-J, Inc.*, 898 F. Supp. 894, 900 (S.D. Fla. 1995) ("If an agent has apparent authority to enter into a contract on a principal's behalf, the contract is enforceable against the principal."); *Solnes v. Wallis & Wallis, P.A.*, 15 F. Supp. 3d 1258, 1267 (S.D. Fla. 2014) ("It is well settled that an agent may bind his or her principal based on real or actual authority 'conferred in fact by the principal or . . . founded on apparent or ostensible authority arising when the principal allows or causes others to believe the agent possesses such authority . . . .'" (quoting *Hobbs Constr. & Dev., Inc. v. Colonial Concrete Co.*, 461 So. 2d 255, 259 (Fla. 1st DCA 1984))); *Dye v. Tamko Bldg. Prods., Inc.*, 908 F.3d 675, 685 (11th Cir. 2018) ("[A]n agent can bind a principal to an arbitration agreement just like any other contract." (quoting *Fi-Evergreen Woods, LLC v. Est. of Robinson*, 172 So. 3d 493, 497 (Fla. 5th DCA 2015))). Additionally, even if an agent executes a contract on a principal's behalf without authority from the principal, the principal can ratify the contract after the fact. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1355 (11th Cir. 2011) ("Ratification of an agreement occurs where a person expressly or impliedly adopts an act or contract entered into [o]n his or her behalf by another without authority." (quoting *Deutsche Credit Corp. v. Peninger*, 603 So. 2d 57, 58 (Fla. 5th DCA 1992))); *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1323 (S.D. Fla. 2010) ("Before one may infer that a principal ratified the unauthorized act of his agent, the evidence must demonstrate

---

[1] Both parties cite to Florida law to support their arguments, and neither party suggests that a different state's law applies to this case.

that the principal was fully informed and that he approved of the act." (quoting *United Parcel Serv., Inc. v. Buchwald Jewelers*, 476 So. 2d 772, 773 (Fla. 3d DCA 1985))).

In its Complaint, Plaintiff alleges that Defendant WBSC appointed Defendant Base to act as its agent and that Defendant Base acted as an agent of Defendant WBSC when it executed the Master License Agreement. *See* DE 1 ¶ 12 ("WBSC appointed BASE, a marketing agency, to oversee WBSC's media and sponsorship rights."); ¶ 35 ("Specifically, BASE, acting as an agent of WBSC and on its behalf, entered into the Agreement with Integrar with the intention that WBSC also be a party to the Agreement."). Accepting these well-pled allegations as true, the Court finds that Plaintiff plausibly pleads that Defendant Base executed the Master License Agreement as an agent of Defendant WBSC and that Defendant Base acted on Defendant WBSC's authority. As such, the Court can conclude from these allegations that the Master License Agreement may be enforceable against Defendant WBSC, even though it was not a signatory.

Furthermore, even if Defendant Base executed the Master License Agreement on Defendant WBSC's behalf without its authority, the Court finds that Plaintiff plausibly pleads that Defendant WBSC ratified the Master License Agreement after the fact. *See id.* ¶ 36 ("WBSC evidenced this intention on September 12, 2019, when it acknowledged that it and BASE appointed INTERGRAR LLC as exclusive Master Licensee to exploit and develop the WBSC Licensed Property worldwide in all competitions, leagues, games or other events organized by or on behalf of WBSC in connection with the terms of the Agreement." (quotation marks, omission, and emphasis omitted)).

Lastly, determining whether Defendants Base and WBSC had a principal-agent relationship and whether Defendant WBSC ratified the Master License Agreement require fact-intensive inquiries. *See, e.g.*, *Lensa Corp. v. Poinciana Gardens Ass'n*, 765 So. 2d 296, 298 (Fla. 4th DCA 2000) ("Three elements are needed to establish an apparent agency: (1) a representation by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by the third party in

reliance upon such representation."); *J.P. Morgan Sec., LLC v. Geveran Invs. Ltd.*, 224 So. 3d 316, 329 (Fla. 5th DCA 2017) ("The elements of actual agency are: 1) acknowledgment by the principal of the agent; 2) the agent's acceptance; and 3) control of the agent by the principal."); *Deutsche Credit Corp.*, 603 So. 2d at 58–59 ("An agreement is deemed ratified where the principal has full knowledge of all material facts and circumstances relating to the unauthorized act or transaction at the time of ratification. An affirmative showing of the principal's intent to ratify the act in question is required. Moreover, the issue of whether an agent's act has been ratified by the principal is a question of fact." (citations omitted)). And such fact-intensive inquiries are more appropriately addressed at the summary judgment stage, not on a motion to dismiss. *See, e.g.*, *In re Friedman's, Inc. Sec. Litig.*, 385 F. Supp. 2d 1345, 1369 (N.D. Ga. 2005) (noting fact-intensive inquiries are generally not resolved on motions to dismiss and are instead more appropriate for motions for summary judgment); *U.S. Equal Emp. Opportunity Comm'n v. Favorite Farms, Inc.*, No. 8:17-CV-1292-T-30AAS, 2018 WL 295549, at *2 (M.D. Fla. Jan. 4, 2018) ("[B]ecause the issue of vicarious liability is a fact-intensive inquiry, the arguments raised in Favorite Farms' motion to dismiss are more appropriately addressed at the summary judgment stage."); *My Classified Ads, L.L.C. v. Greg Welteroth Holding Inc.*, No. 8:14-CV-2365-T-33AEP, 2015 WL 1169857, at *9 (M.D. Fla. Mar. 13, 2015) ("The determination of whether a fiduciary duty did in fact exist, and whether it was based on an implied relationship or express relationship created by principal agency relationship, is better suited for the summary judgment stage of the proceedings."). Accordingly, the Court recommends that Plaintiff's claims against Defendant WBSC not be dismissed for failure to state a claim.

### B. The Limitation of Liabilities Clause Does Not Prevent Recovery of Any and All Damages

If the Master License Agreement is enforceable against it, Defendant WBSC maintains that the Court lacks subject-matter jurisdiction because Plaintiff fails to allege a sufficient amount in controversy to satisfy the requirement for diversity jurisdiction. DE 11 at 7. As support for this

position, Defendant WBSC contends that the Limitation of Liabilities clause of the Master License Agreement "negates all of the damages asserted by the Plaintiff in its Complaint." *Id.* But the language of the Limitation of Liabilities clause does not support Defendant WBSC's contention. That clause states:

> Notwithstanding anything in this Agreement or otherwise, except for bodily injury, neither party shall be liable or obligated with respect to any subject matter of this Agreement or under contract, negligence, strict liability or any other legal or equitable theory for any *indirect, incidental, consequential or punitive* damages. Some States do not allow the exclusion of incidental or consequential damages, so the above limitation and exclusions may not apply to Licensor or Master Licensee.

DE 1 at 27 (emphasis added).

Notably, this clause does not preclude the recovery of compensatory damages, which Plaintiff may be entitled to as a matter of right under Florida law.[2] *See MSM Golf, L.L.C. v. Newgent*, 853 So. 2d 1086, 1087 (Fla. 5th DCA 2003) ("It is a fundamental principle of contract law that once liability for a contract breach is established, an injured party is entitled as a matter of right to compensatory damages."). Thus, the Limitation of Liabilities clause does not prevent Plaintiff from potentially recovering compensatory damages.

Furthermore, in its Complaint, Plaintiff alleges that as a result of Defendant WBSC's alleged breach of the Master License Agreement, Plaintiff suffered damages from the following acts or omissions from Defendant WBSC: (1) Defendant WBSC entered into a sublicensing negotiation with Fanatics Japan for use of Defendant WBSC's licensed property while Plaintiff and Fanatics Japan were in the middle of sublicensing negotiations; (2) Defendant WBSC failed to support Plaintiff's sublicensing deals with Shopify and Amazon; and (3) Defendant WBSC failed to finalize deals that Plaintiff proposed, such as a deal with Universal Music. DE 1 ¶ 39. Given these allegations and the prominence of the parties, the Court can reasonably infer that Plaintiff's alleged compensatory

---

[2] The choice-of-law provision of the Master License Agreement provides that Florida law governs. DE 1 at 26.

damages satisfy the jurisdictional amount. *See Co. Prop. & Cas. Ins. Co. v. Metal Roofing Sys.*, No. 13-60659-CIV, 2013 WL 5770730, at *3 (S.D. Fla. Oct. 24, 2013) ("Ultimately, federal courts are permitted to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether jurisdiction is proper." (quotation marks omitted)). Accordingly, the Court concludes that Plaintiff's Complaint, on its face, sufficiently states a basis for subject-matter jurisdiction.

## IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS DENYING** Defendant WBSC's Motion to Dismiss [DE 11].

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014)

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 2nd day of July, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE